1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELLY FIRKINS, individually

            Plaintiff,

  v.

PFIZER, INC., a foreign corporation;
WYETH, INC., a foreign corporation,

            Defendants.

No. CV 10-5108 RBL

ORDER GRANTING
MOTION TO COMPEL
DISCOVERY

      This matter is before the Court on Plaintiff's Motion to Compel Discovery. (Dkt. #15).

      Plaintiff Kelly Firkins is a former sales representative for Defendants Pfizer/Wyeth. She claims that she was paid less than similarly situated male employees during her tenure and has sued Pfizer/Wyeth to redress the disparate treatment. On April 16, 2010, Plaintiff filed her first set of discovery requests on Defendants. (Dkt. #17). On June 16, Defendants responded, answering the requests only in part and objecting to many. (Id.). Counsel met on July 29 to meet and confer regarding the discovery. (Id.) Counsel disagree as to what was decided at this meeting, and this ultimately led to a series of emails between the parties in an effort to parse out each party's position. (See Dkt. #18, Ex. C). Once it was clear to both parties that no agreement could be reached, Plaintiff filed this Motion to Compel. (Dkt. #15).

      Plaintiff argues that Defendants have unilaterally rewritten her discovery requests into what they deem appropriate and have refused to apply for a protective order regarding the information they consider undiscoverable. (Dkt. #15). Plaintiff seeks attorneys fees. (Id.) Defendants argue that all of Plaintiff's discovery requests are unduly burdensome, overbroad and not likely to lead to admissible evidence, and that not all of the discovery requests were specifically met and conferred about individually. (Dkt. #17). Defendants also argue that Plaintiff's Motion and Reply Motion are both over length under LR 7, and ask the

ORDER GRANTING MOTION TO COMPEL
Page - 1

1  Court to strike the overlength portions. (Id.). This request is DENIED.

**Discussion**

It is clear that counsel have met and conferred regarding the discovery dispute and have reached an impasse. As an initial matter, Defendants' objection under Rule 37 is DENIED.

The discovery in question centers on Interrogatory No. 1, and Request for Productions (RFP) 2, 4, 5, 7, 8, 21, and 40. Plaintiff requests information about comparator employees for all of Pfizer/Wyeth, from 2000 to the present, as well as all Washington State pharmaceutical representatives within Pfizer/Wyeth from 2000 to the present, with each request regarding their compensation and their treatment by Defendant corporation (Interrogatory No. 1, RFP 8). She also seeks all documents regarding policies and procedures, as well as training and instruction of all employees from Pfizer/Wyeth on discrimination and harassment from 2002 to the present (RFP 1, RFP 2). RFP 1 also requests all employee compensation information for employees at Pfizer/Wyeth from 2002 until the present.

Plaintiff seeks discovery on all charts or descriptions of the organizational structure of Pfizer/Wyeth from 2002 to the present (RFP 4). She requests job descriptions and documents describing the duties of all positions in all divisions or departments where Plaintiff was employed during 2001 to the present (RFP 5), and requests all discrimination complaints filed between 1999 and the present by other female employees at Pfizer/Wyeth (RFP 7). Plaintiff requests all documents relating to alleged harassment, retaliation, discrimination or other conduct by a supervisory or managerial employee in Washington State from 1999 to the present (RFP 21). Finally, Plaintiff requests all personnel files of all supervisors employed by Pfizer/Wyeth from 2000 to the present and compensation information for each supervisor (RFP 40).

In response, Defendants agreed initially to produce information from 2007 through 2009 for employees who worked under the same supervisor as Plaintiff. (Dkt. #17). Defendants later produced some information from 2004 to 2009.

F.R.C.P. 26(b) allows "discovery of any matter relevant to the subject matter involved in the action." The evidence is not necessarily admissible at trial, but it is discoverable when relevant. F.R.C.P. 26(b). While it is true that courts should prevent "general fishing expeditions," (Dkt. #17, *citing In re:Perrier Bottled Water Litig.*, 138 F.R.D. 348, 351 (D. Conn. 1991), in employment discrimination cases such as this, discovery is liberal. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805 (1973). *See also Sweat v. Miller*

*Brewing Co.*, 708 F.2d 655, 658 (11th Cir. 1983); *Rich v. Martin*, 522 F.2d 33, 343-44 (10th Cir. 1975). "Statistical information concerning an employer's general policy and practice concerning minority employment may be relevant to a showing of pretext, even in a case alleging an individual instance of discrimination rather than a 'pattern and practice' of discrimination." *Sweat,* 708 F.2d at 658, *citing McDonnell*, 411 U.S. at 805.

Plaintiff alleges pay disparity based on her sex. In such cases, Plaintiff must demonstrate that similarly situated men were treated differently than she was, because of her sex. *Domingo v. Boeing Employees' Credit Union*, 124 Wn.App. 71, 80 (2004). In order to make out the elements of her prima facie case, Plaintiff seeks information to determine whether a discriminatory environment existed. "[E]vidence of general patterns of discriminatory treatment by an employee is relevant even in the individual disparate treatment case. Although such evidence will not be determinative of the discrimination issue, it is nevertheless relevant and therefore discoverable pursuant to F.R.C.P. 26(b)(1)." *Zahorik v. Cornell Univ.*, 98 F.R.D. 27, 31 (D.C.N.Y. 1983) (internal citations omitted). The information Plaintiff requests is directly relevant to her discrimination claim. Information regarding the compensation of other employees is relevant and discoverable for "similarly situated" employees. Defendants argue that similarly situated means employees who have similar jobs and perform similar tasks, *Vasquez v. County of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003). In *Vasquez*, the court held that supervisors are generally not considered to be similarly situated to lower-level employees, *id.,* so Defendants argue that only information regarding others who held Plaintiff's job is discoverable. (Dkt. #17). Similarly situated, however, means "similar in all *material* respects." *Hawn v. Executive Jet Mgmt., Inc.,* 615 F.3d 1151, 1157 (9th Cir. 2010), *quoting Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1125 (9th Cir. 2009). Determining whether persons are "similarly situated" for purposes of a discrimination claim is a question of fact. *See* 45C Am. Jur. 2d Job Discrimination § 2507, fn. 9, *Hargett v. Nat'l Westminster Bank, USA*, 78 F.3d 836, 839 (2nd Cir. 1996). Defendants may not determine themselves who is or is not a "similarly situated" employee.

Defendants' argument that producing the noted items of discovery would be unduly burdensome is not well-taken. The requested documents are within the scope of discovery and Defendants have a duty to produce such items. *See* F.R.C.P. 34.

Therefore, the Court rules on the Motion to Compel as follows:

Plaintiff's Motion to Compel regarding Interrogatory No. 1 is GRANTED, but the information is discoverable only from the year Plaintiff's employment began, 2001 to the present, and only for employees in Washington State.

Plaintiff's Motion to Compel regarding RFP 1 is GRANTED, but the information regarding employee compensation is discoverable only for employees in Washington State.

Plaintiff's Motion to Compel regarding RFP 2 is GRANTED, but the information is only discoverable for employees in Washington State.

Plaintiff's Motion to Compel regarding RFP 4, RFP 5, and RFP 8 is GRANTED.

Plaintiff's Motion to Compel regarding RFP 7 and RFP 21 is GRANTED, but the information is discoverable only from the year Plaintiff's employment began, 2001 to the present, and only for employees in Washington State.

Plaintiff's Motion to Compel regarding RFP 40 is GRANTED in part and DENIED in part. Information regarding compensation for all supervisors in Washington State is discoverable and the Motion to Compel production of that information is GRANTED. The Plaintiff has not shown, however, that the entirety of the personnel files is discoverable, and that portion of the Motion is DENIED.

Thus, Defendants shall produce the information requested in Interrogatory No. 1, RFPs 1, 2, 4, 5, 7, 21, and 40.

Any documents Defendants claim are protected by the attorney-client or work product privileges, (including but not limited to those responsive to RFP 21), must be identified in a privilege log.

Plaintiff's request for attorneys fees is DENIED.

IT IS SO ORDERED.

DATED this 29th day of October, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE